UNITED STATES DISTRICT COURT
CONNECITCUT

BERNARD T. KENNEDY, III

      Plaintiff,

V.                                              CIVIL ACTION NO

IMMEDIATE CREDIT RECOVERY, INC.

Defendant.                                   AUGUST 2, 2012

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692; and regulations issued thereunder; and the
Connecticut Unfair Trade Practices ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331
and 1367.

3. Plaintiff is a natural person who resides in Branford, CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and has a principal place of
business located at 169 MYERS CORNERS ROAD, WAPPINGERS FALLS, NY,
12590.

6. Defendant communicated with plaintiff by letter dated December 1, 2011 in connection with collection efforts with regard to plaintiff's disputed student loan debt.

7. Defendant stated in their initial collection letter, that "unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

8. Plaintiff called the Defendant on March 26, 2012 to orally dispute this debt and advise the Defendant that they should no longer assume this debt is valid.

9. Plaintiff spoke to a collection agent who identified herself as Samantha Pratt. .

10. Defendant advised the Plaintiff that all calls are recorded for quality assurance. .

11. Defendant advised the Plaintiff that he could not orally dispute this debt and advised him he must dispute in writing in violation of the FDCPA. *See Camacho v. Bridgeport Financial, Inc.* (9th Cir. - Dec. 12, 2005).

12. Defendant advised the Plaintiff that his reason for dispute was invalid and that that it did not meet the criteria under the Fair Debt Collection Practices Act.

13. Defendant statements were false, deceptive and misleading and violated §1692e, as there is no criteria distinguishing a valid or invalid dispute.

14. Plaintiff asked the Defendant through their collection agent if she would note his dispute and report that dispute to the credit bureaus.

15. Defendant through their collection agent stated that she would not report Plaintiff's dispute even though Defendant does report to the credit bureaus.

16. Defendant violated §1692e (8), which prohibits debt collectors from: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

17. Plaintiff asked the Defendant to provide him and itemization of the alleged debt.

18. Defendant through their collection agent advised the Plaintiff that he owed $1,171.00 plus a collection fee of $160.00.

19. Plaintiff stated to the collection agent that he never signed a contract which provided for a collection fee.

20. Defendant's collection agent stated that the contract was part of his student handbook and that he was obligated to pay the collection fee.

21. Defendant through their collection agent Ms. Pratt, despite notice from the

Plaintiff that he disputed this debt, insisted that he provide her his telephone

number so she could continue to collect a know disputed debt.

22. Defendant through their collection agent Samantha Pratt advised Plaintiff that

since he would not provide his telephone number she would call his friends and

family regarding this debt.

23. Defendant threatened to communicate with third parties violating §1692c.

24. Defendant charged an illegal collection fee and violated §1692f.

15. In the collection efforts, the Defendant violated the FDCPA; inter alia, section

1692c, e, and f.

## SECOND COUNT

16. The allegations of the First Count are repeated and realleged as if fully set

forth herein.

17. Within three years prior to the date of this action, Defendant has committed

unfair or deceptive acts or practices within the meaning of the Unfair Trade

Practices Act, Conn. Gen. Stat. 42-110a et seq, including but not limited to making

false, deceptive and misleading statements in violation of §1692e and adding and

failing to disclose in writing that Defendant was charging a collection fee. .

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to CUTPA

3. Award Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.


THE PLAINTIFF


BY/S/Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
1204 Main Street, Suite 176
Branford, CT 06405
Ph   (203) 481-4040
Fax (443) 440-6372
Fed. Bar # CT19664
mwk550@yahoo.com